IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CR 117-027 |
| | * | |
| JASON LATAURUS HAMM | * | |

O R D E R

The Order of June 1, 2021 denying Defendant Jason Lataurus Hamm's motion for compassionate release (doc. 102) is **VACATED** and this Order is hereby **ENTERED** in lieu thereof:

Defendant Jason Lataurus Hamm seeks relief under the "compassionate release" provision of 18 U.S.C. § 3582(c)(1)(A). The compassionate release provision of § 3582(c)(1)(A) provides a narrow path for a defendant in "extraordinary and compelling circumstances" to leave prison early. Hamm claims that his medical condition (i.e., asthma), in conjunction with the potential adverse effects to him should he contract COVID-19, warrants relief in the form of compassionate release. The Court readily concludes that Hamm has not presented extraordinary and compelling circumstances warranting release for the following reasons.

First, Hamm refused the COVID-19 vaccination administered by the prison facility on March 20, 2021. (Gov't Resp. in Opp'n,

Doc. 99, Ex. A.)  Declining the opportunity to dramatically reduce his risk of exposure to COVID-19, Hamm has undermined his assertion that he is at increased risk from the virus.  As one district court has put it, a defendant "cannot reasonably expect that prolonging his risk by declining vaccination will be rewarded with a sentence reduction."  See United States v. Lohmeier, 2021 WL 365773, at *2 (N.D. Ill. Feb. 3, 2021) (also stating that notwithstanding the defendant's own recalcitrance, the fact that other inmates and staff are being vaccinated lowers his risk exposure); see also United States v. Ortiz, 2021 WL 1422816, at *4 (E.D. Pa. Apr. 15, 2021) ("[W]hile a petitioner who declines a COVID vaccine is 'within his rights to refuse any treatment he wishes to forego, he cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk.'" (quoted source omitted)); United States v. McBride, 2021 WL 354129, at *3 (W.D.N.C. Feb. 2, 2021) ("Defendant's refusal to take preventative measures undermines his assertion that extraordinary and compelling reasons exist to warrant his release from prison.").

Second, it does not appear that Hamm has moderate to severe asthma, which is the condition that the Centers for Disease Control lists as the significant risk factor that can make a person more likely to get severely ill from COVID-19.  See Centers for Disease Control & Prevention, *People with Certain Medical Conditions*,

available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited on May 27, 2021). Instead, it appears that Hamm has "exercise induced" asthma and may be controlled with an albuterol inhaler. (See Gov't Resp. in Opp'n, Doc. 92, Ex. A at 19, 28, 35-36.)

Finally, the BOP is currently reporting that there are no active cases in the inmate population of USP Atlanta, which also significantly lowers Hamm's risk of exposure. See https://www.bop.gov/coronavirus/index.jsp (last visited May 25, 2021).

Even assuming Hamm had presented extraordinary and compelling circumstances warranting relief, the Court may grant early release only "after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)." 18 U.S.C. § 3582(c)(1)(A). Consideration of the relevant factors do not weigh in Hamm's favor. The Court particularly notes that the nature of his offense, the history and characteristics of this Defendant, and the need to protect the public weigh against reducing his sentence to time served. Hamm has a significant criminal history and has been committing crimes since the age of 17. He has at least four felony drug convictions. He also has a conviction for domestic violence against his disabled mother. During a search of his residence related to the instant offense, the police obtained two firearms – a stolen Ruger .45 handgun and an AR-15 Bushmaster rifle. Also, Hamm has seven years

3

remaining on his sentence. Early release of this Defendant would fail to reflect the seriousness of his offense, promote respect for the law, provide just punishment, and afford adequate deterrence. In short, reducing his sentence at this time would not be consistent with the statutory purposes of sentencing. Moreover, and significantly, the Court cannot conclude that Hamm is not a danger to the community under 18 U.S.C. § 3142(g) in consideration of his criminal history and the nature and circumstances of his crimes.

Upon the foregoing, Defendant Hamm's motion for compassionate release (doc. 96) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 17th day of June, 2021.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA